**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-03145-GPG

MARC HARRIS, a.k.a. MARC HARRIS KAPLAN,

    Plaintiff,

v.

JOHN W. HICKENLOOPER, Governor State of Colorado, Individually and in Official
    Capacity,
JOHN WILLIAM SUTHERS, Attorney General State of Colorado, Individually and in
    Official Capacity,
GILBERT ANTHONY MARTINEZ, Chief Judge El Paso County, Individually and in
    Official Capacity,
DANIEL SCOTT WILSON, Judge El Paso County, Individually and in Official Capacity,
LARRY DAVID MARTIN, Judge El Paso County, Individually and in Official Capacity,
DANIEL HOWARD MAY, District Attorney El Paso County, Individually and in Official
    Capacity,
ANTHONY ANGEL SANTOS, Assist. Dist. Attor. El Paso County, Individually and in
    Official Capacity,
TERRY MAKETA, Sheriff El Paso County, Individually and in Official Capacity,
STEVE BACH, Mayor Colorado Springs, Individually and in Official Capacity,
PETE CAREY, Police Chief Colorado Springs, Individually and in Official Capacity,
SHANE MATTHEW WHITE, City Attorney Colorado Springs, Individually and in Official
    Capacity, and
JOHN/JANE DOES, 1-1000, Individually and in Official Capacity,

    Defendants.

---

**ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT**

---

Plaintiff Marc Harris, a.k.a. Marc Harris Kaplan, declares he is "foreign to the

United States, State of Colorado and is not a resident, person or other juristic/civil

entity." Plaintiff, nonetheless, has provided a Colorado Springs, Colorado, address,

where he apparently receives mail, as a return address on the envelope in which he has submitted filings to the Court and on several documents that he has attached to the Complaint.  Plaintiff initiated this action by filing *pro se* a Complaint and an Application to Proceed in District Court Without Prepayment of Fees or Costs.  The filings were deficient and Plaintiff was directed to cure the deficiencies, which he did on December 19, 2014.  Plaintiff's Application to Proceed Without Prepayment of fees or costs has been granted.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the following reasons, the Court will direct Plaintiff to file an Amended Complaint.

The Court finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the  is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand

for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix pleadings violate the requirements of Rule 8.

Plaintiff fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The allegations are prolix and unintelligible. Plaintiff also may not assert diversity jurisdiction under 28 U.S.C. § 1332(a)(2) by claiming that he is foreign to the United States and Colorado, when he provides a Colorado address where he receives his mail, and he states that all named defendants are residents of Colorado.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff file an Amended Complaint that complies with the above directives, **within thirty days from the date of this Order**. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions at www.cod.uscourts.gov, to be used in filing the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED December 30, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge